UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JEROME HEAVEN, JR.,

    Plaintiff,

v.                            Case No: 5:24-cv-452-JSS-PRL

JAMES P. TARQUIN,

    Defendant.
_____/

**ORDER**

Plaintiff, Jerome Heaven, Jr., proceeding pro se, initiated this action by filing a complaint under 42 U.S.C. § 1983. (Dkt. 1.) He is a pretrial detainee in the Marion County Jail. (*Id.* at 2, 4.) Because he failed to pay the filing fee and is barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g), the court dismisses this action without prejudice.

Under section 1915(g), a pretrial detainee cannot proceed in forma pauperis if "on [three] or more prior occasions, while incarcerated or detained in any facility, [he] brought an action or appeal in a [federal] court . . . that was dismissed" because it was "frivolous[ or] malicious[] or fail[ed] to state a claim upon which relief may be granted, unless [he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g)–(h); *see Lomax v. Ortiz-Marquez*, 590 U.S. 595, 597 (2020) ("To help staunch a 'flood of non[-]meritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule."). If a pretrial

detainee is subject to the three-strikes rule, he cannot proceed in forma pauperis and must pay the filing fee in full at the time the action is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

The court takes judicial notice of other actions brought by Plaintiff that were previously dismissed. *See* Fed. R. Evid. 201(b)(2), (c)(1), (d); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (explaining that a court may take judicial notice of another court's order to recognize "the 'judicial act' that the order represents" and "the subject matter of the litigation").

Some of Plaintiff's actions were already dismissed based on the three-strikes rule. *See Heaven v. Ocala Police Dep't*, 5:24-cv-1-WWB-PRL, Dkt. 5 at 1–2 (M.D. Fla. Jan. 12, 2024); *Heaven v. Action Labor*, 5:24-cv-51-MMH-PRL, Dkt. 4 at 2–3 (M.D. Fla. Feb. 6, 2024). Many more were dismissed because they were frivolous or failed to state a claim for relief. *See Heaven v. Seven Eleven*, 5:23-cv-281-BJD-PRL, Dkt. 9 at 4 (M.D. Fla. Sept. 11, 2023) (frivolous); *Heaven v. Green Gait Powered by Western One*, 5:23-cv-291-BJD-PRL, Dkt. 10 at 4 (M.D. Fla. Sept. 8, 2023) (frivolous); *Heaven v. Tarquin*, 5:23-cv-295-TPB-PRL, Dkt. 9 at 4 (M.D. Fla. Sept. 8, 2023) (frivolous); *Heaven v. Fifth Jud. Marion Cnty. Cir. Ct.*, 5:23-cv-382-SPC-PRL, Dkt. 5 at 4 (M.D. Fla. Aug. 22, 2023) (frivolous); *Heaven v. Advent Health*, 5:23-cv-391-BJD-PRL, Dkt. 12 at 4–5 (M.D. Fla. Sept. 11, 2023) (frivolous); *Heaven v. Advent Health*, 5:23-cv-399-TJC-PRL, Dkt. 7 at 3–7 (M.D. Fla. Aug. 8, 2023) (frivolous and failing to state a claim), *report and recommendation adopted by* Dkt. 8 at 1 (M.D. Fla. Sept. 11, 2023); *Heaven v.*

*Hire Quest*, No. 5:23-cv-433-MMH-PRL, 2023 U.S. Dist. LEXIS 146229, at *3–4 (M.D. Fla. July 18, 2023) (failing to state a claim), *report and recommendation adopted by* 2023 U.S. Dist. LEXIS 145529, at *2 (M.D. Fla. Aug. 18, 2023); *Heaven v. Green Gait Powered by Western One*, 5:23-cv-434-BJD-PRL, Dkt. 6 at 5–6 (M.D. Fla. Sept. 12, 2023) (frivolous), *report and recommendation adopted by* Dkt. 7 at 2 (M.D. Fla. Sept. 29, 2023); *Heaven v. Tarquin*, No. 5:23-cv-447-MMH-PRL, 2023 U.S. Dist. LEXIS 147326, at *3–4 (M.D. Fla. July 26, 2023) (failing to state a claim), *report and recommendation adopted by* 2023 U.S. Dist. LEXIS 146567, at *2 (M.D. Fla. Aug. 21, 2023); *Heaven v. Marion Cnty. Sheriff's Off.*, No. 5:23-cv-449-TJC-PRL, 2023 U.S. Dist. LEXIS 221887, at *5–7 (M.D. Fla. Aug. 29, 2023) (frivolous), *report and recommendation adopted by* 2023 U.S. Dist. LEXIS 220582, at *3 (M.D. Fla. Dec. 12, 2023); *Heaven v. Marion Cnty. State of Fla. Fifth Jud. Cir.*, 5:23-cv-468-BJD-PRL, Dkt. 7 at 4–7 (M.D. Fla. Aug. 3, 2023) (frivolous and failing to state a claim), *report and recommendation adopted by* Dkt. 8 at 2 (M.D. Fla. Sept. 12, 2023). Others were dismissed for lack of subject matter jurisdiction. *See Heaven v. City of Ocala*, 5:23-cv-448-CEM-PRL, Dkt. 5 at 2 (M.D. Fla. Aug. 21, 2023); *Heaven v. Seven Eleven*, No. 5:23-cv-467-MMH-PRL, 2023 U.S. Dist. LEXIS 148853, at *3–4 (M.D. Fla. Aug. 3, 2023), *report and recommendation adopted by* 2023 U.S. Dist. LEXIS 147518, at *2 (M.D. Fla. Aug. 22, 2023).

Plaintiff also filed several actions that were dismissed for failure to comply with procedural rules. Many of these actions were dismissed because Plaintiff did not use the required complaint form. *See* M.D. Fla. Loc. R. 6.04(a)(3) ("A pro se person in

custody must use the standard form—available . . . on the court's website—to file . . . a 42 U.S.C. § 1983 complaint . . . ."); *see also Jerome v. Seven Eleven*, No. 5:23-cv-247-WFJ-PRL, 2023 U.S. Dist. LEXIS 69446, at *1 (M.D. Fla. Apr. 20, 2023); *Heaven v. Pettis*, 5:23-cv-248-CEM-PRL, Dkt. 5 at 1–2 (M.D. Fla. Apr. 25, 2023); *Jerome v. Advent Hosp.*, No. 5:23-cv-249-WFJ-PRL, 2023 U.S. Dist. LEXIS 69443, at *1 (M.D. Fla. Apr. 20, 2023); *Heaven v. Woods*, 5:23-cv-250-JLB-PRL, Dkt. 5 at 1–2 (M.D. Fla. Apr. 26, 2023); *Heaven v. Well*, 5:23-cv-251-BJD-PRL, Dkt. 5 at 1–2 (M.D. Fla. May 1, 2023); *Heaven v. Tarquin*, 5:23-cv-252-SPC-PRL, Dkt. 5 at 1–2 (M.D. Fla. Apr. 25, 2023); *Heaven v. Woods*, No. 5:23-cv-278-CEM-PRL, 2023 U.S. Dist. LEXIS 168323, at *1 (M.D. Fla. June 26, 2023); *Heaven v. Woods*, No. 5:23-cv-279-WFJ-PRL, 2023 U.S. Dist. LEXIS 99407, at *1 (M.D. Fla. June 7, 2023); *Heaven v. City of Ocala*, 5:23-cv-290-JLB-PRL, Dkt. 6 at 1–2 (M.D. Fla. July 5, 2023). Other actions were dismissed for Plaintiff's failure to prosecute. *See Heaven v. Advent Health*, 5:23-cv-287-WFJ-PRL, Dkt. 6 at 1 (M.D. Fla. June 26, 2023); *Heaven v. City of Ocala Code Enf't*, 5:23-cv-348-CEM-PRL, Dkt. 7 at 1 (M.D. Fla. July 10, 2023); *Heaven v. RaceTrac*, 5:23-cv-554-MMH-PRL, Dkt. 5 at 1–2 (M.D. Fla. Oct. 10, 2023); *Heaven v. Interfaith Emergency Serv.*, No. 5:23-cv-593-MMH-PRL, 2024 U.S. Dist. LEXIS 25351, at *1 (M.D. Fla. Feb. 13, 2024), *report and recommendation adopted by* 2024 U.S. Dist. LEXIS 37932, at *2 (M.D. Fla. Mar. 5, 2024); *Heaven v. Manatee Courthouse*, 8:23-cv-1196-TPB-TGW, Dkt. 4 at 1 (M.D. Fla. Sept. 20, 2023); *Heaven v. Manatee Cnty. Courthouse*,

- 5 -

8:23-cv-1379-SDM-TGW, Dkt. 4 at 1 (M.D. Fla. Aug. 9, 2023).

Given Plaintiff's extensive history of previously dismissed actions, he cannot proceed in forma pauperis unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Mitchell v. Nobles*, 873 F.3d 869, 872 (11th Cir. 2017) (explaining that imminent danger of serious physical injury provides "the sole exception" to the three-strikes rule). Plaintiff does not allege that he is in imminent danger of serious physical injury. (*See* Dkt. 1.) Because Plaintiff has had well more than three prior qualifying dismissals and his allegations do not implicate the sole exception to the three-strikes rule, the court dismisses this action without prejudice. *See Mitchell*, 873 F.3d at 872. If Plaintiff wishes to pursue his claims, he must file a new complaint under a new case number and pay the full filing fee.

Accordingly:

1. This case is **DISMISSED without prejudice**.
2. The Clerk is **DIRECTED** to enter a judgment dismissing this case without prejudice, to terminate any pending motions and deadlines, and to close the case file.

**ORDERED** in Orlando, Florida, on September 3, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Parties